JEFFREY B. VALLE (Bar No. 110060)
  jvalle@vallemakoff.com
DAVID S. SHUKAN (Bar No.143683)
  dshukan@vallemakoff.com
**VALLE MAKOFF LLP**
11911 San Vicente Boulevard, Suite 324
Los Angeles, California 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

Attorneys for Plaintiff
AquaWood, LLC, using trade name ToyQuest

FILED
CLERK, U.S. DISTRICT COURT
JUL - 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| AQUAWOOD, LLC, using trade name TOYQUEST<br><br>Plaintiff,<br><br>vs<br><br>WORLDSLIDE, LLC, and FORREST B. PHILLIPS,<br><br>Defendants. | Case No. LACV11-5611 JFW(Ex)<br><br>**COMPLAINT FOR DECLARATORY RELIEF OF INVALIDITY AND NONINFRINGEMENT** |

1

COMPLAINT

Plaintiff AquaWood, LLC, using the trade name ToyQuest ("AquaWood") alleges as follows:

## NATURE OF THE ACTION

1. On or about June 8, 2011, defendant Worldslide, LLC ("Worldslide") sent a letter to AquaWood's president, asserting that certain of AquaWood's water slide products infringe U.S. Patent No. 7,309,302 ("the '302 Patent"). That patent, however, is invalid, and those products do not infringe. Accordingly, this is a declaratory relief action seeking a determination that the '302 Patent is invalid in whole or in part, and that the products accused by Worldslide do not infringe any valid and enforceable claim of the '302 Patent.

## THE PARTIES

2. Plaintiff AquaWood is a limited liability company duly organized and existing under the laws of the State of California, and having its principal place of business in Los Angeles, California. AquaWood was and is in the business of marketing a design of one or more water slide products that have been accused of patent infringement by Defendants (see Paragraph 10, below).

3. On information and belief, defendant Worldslide, LLC ("Worldslide") is a limited liability company duly organized and existing under the laws of the State of Delaware, registered with the State of California and having a principal place of business in Napa, California, and is the owner by assignment of the '302 Patent.

4. On information and belief, defendant Forrest Phillips ("Phillips") is an individual residing in Napa, California, and is the purported inventor of the purported invention of the '302 Patent.

## JURISDICTION AND VENUE

5. This is a civil action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because AquaWood's claims for declaratory relief arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*

7. AquaWood is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over the Defendants, and each of them, in that they are a corporation and an individual residing and doing business in California, and having directed their actions toward AquaWorld in this judicial district.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as this is a judicial district in which a substantial part of the events giving rise to the claims occurred.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9. On information and belief, Worldslide is the assignee of the '302 Patent, having been assigned that patent from defendant Phillips.

10. On or about June 8, 2011, Phillips send a letter (the "June 8 Letter") to AquaWood's president, Brian Dubinsky, accusing "Toy Quest" and Wal-Mart of infringing the '302 Patent. ToyQuest is a trade name used by AquaWood, and the letter was sent to AquaWood's address. The June 8 Letter enclosed a complaint in a proposed *Worldslide v. Toy Quest and Wal-Mart* lawsuit, asserting the '302 Patent against the following products (the "Accused Products"):

> Six Flags Banzai Falls Water Slide, Banzai Falls Mega Racer Water Slide, Banzai Falls 2-in-1 Water Slide, Banzai Falls Wave Rider Water Slide, Banzai Double Cannon Blast Water Slide, Banzai Double Drop Falls Water Slide, Banzai Falls Splash Blast Lagoon, Banzai Aqua Blast Lagoon Inflatable Water Slide, Banzai Typhoon Twist Inflatable Water Slide, Banzai Sidewinder Blast Water Slide, Banzai Gushing Geyser Water Park, Banzai Drop Zone Water Slide,

1         Banzai Blackout Blast Water Slide, Banzai Hydro Blast Inflatable

2         Water Park, Banzai The Plunge

3 A true and correct copy of the June 8 Letter is attached to this Complaint as Exhibit

4 A, and is incorporated herein by reference.

5     11.    Thereafter, AquaWood, through its attorney, had conversations and

6 written communications with William Bernheim, Worldslide's attorney as indicated

7 on the draft complaint accompanying the June 8 Letter, categorically denying

8 Worldslide's claims and attempting to resolve the matter for a nominal sum.

9     12.    Those discussions proved unsuccessful, and on July 5, 2011,

10 Mr. Bernheim sent a letter (the "July 5 Letter") to David Shukan, AquaWood's

11 counsel, continuing to assert the '302 Patent and stating that he "intend[s] to file the

12 lawsuit shortly." A true and correct copy of the July 5 letter is attached to this

13 Complaint as Exhibit B, and is incorporated herein by reference.

14     13.    The June 8 Letter and July 5 Letter, along with the conversations

15 between AquaWood's counsel and Worldslide's counsel, give AquaWood a

16 reasonable apprehension of being sued imminently for infringement of the '302

17 Patent with respect to the Accused Products.

18     14.    AquaWood does not infringe, and has not infringed, any valid and

19 enforceable claim of the '302 Patent. Similarly, the Accused Products do not

20 infringe, and have not infringed, any valid and enforceable claim of the '302 Patent.

21     15.    Accordingly, a substantial controversy exists, between parties having

22 adverse legal interests, of sufficient immediacy and reality to warrant the issuance of

23 a declaratory judgment.

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of '302 Patent)

16. AquaWood repeats, realleges, and incorporates by reference each and every allegation contained in Paragraphs 1-15, above, as though fully set forth herein.

17. The '302 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. As a result of the facts and conduct alleged herein, an actual and justiciable case or controversy presently exists between AquaWood and Defendants as to the validity of the claims of the '302 Patent, which requires a declaration of rights by this Court.

19. A judicial declaration is necessary and appropriate so that AquaWood may ascertain its rights with respect to the '302 Patent.

20. AquaWood is entitled to a declaratory judgment that the claims of the '302 Patent are invalid.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement)

21. AquaWood repeats, realleges, and incorporates by reference each and every allegation contained in Paragraphs 1-15, above, as though fully set forth herein.

22. AquaWood has not infringed any valid and enforceable claim of the '302 Patent.

23. As a result of the facts and conduct alleged herein, an actual and justiciable case or controversy presently exists between AquaWood and Defendants as to whether AquaWood is infringing the '302 Patent, which requires a declaration of rights by this Court.

24.   A judicial declaration is necessary and appropriate so that AquaWood may ascertain its rights with respect to the '302 Patent.

25.   AquaWood is entitled to a declaratory judgment that the Accused Products do not infringe any valid and enforceable claim of the '302 Patent.

## PRAYER FOR RELIEF

WHEREFORE, AquaWood prays for relief as follows:

A.   For a judgment declaring that the '302 Patent, and each claim therein, is invalid and unenforceable;

B.   For a judgment declaring that the Accused Products do not infringe any properly construed, valid and enforceable claim of the '302 Patent;

C.   For a declaration that this case is exceptional and, accordingly, an award of attorneys fees to AquaWood under 35 U.S.C. §§ 285;

D.   For costs of suit, and

E.   For such other, further, or different relief as the Court may deem just and proper under the circumstances.

DATED: July 7, 2011

VALLE MAKOFF LLP

By _____(JS)_____
David S. Shukan
Attorneys for Plaintiff
AquaWood, LLC, using trade name
ToyQuest

6
COMPLAINT

**EXHIBIT A**

Forrest B. Phillips
President,
Worldslide, LLC
1370 Trancas Street #154
Napa, CA. 94558

6/8/2011

Mr. Brian Dubinsky
President
Toy Quest
2228 Barry Ave.
Los Angeles CA. 90064-1402

RE: Worldslide IP

Dear Mr. Dubinsky:

I am Forrest B. Phillips, Unworthy Servant of Jesus, Co-Founder, Co-Creator with God our Father the Creator, Co-President of the Worldslide, LLC and Co-Inventor of the Worldslide, LLC Intellectual Property Portfolio through Jesus Christ. Worldslide has reached out to you in 2008 to forgive others of their many sins as I have been forgiven by God, through Jesus of my many sins and to work with Toy Quest, through Jesus with one accord. I am writing this time to accomplish what I am sent to do.

Recently Worldslide filed a complaint in Federal Court alleging patent infringement by Wham-O, of Worldslide's U.S. Patent 7,309,302 issued December 18, 2007, for Wham-O's Splash Tunnel Giant Slip N' Slide Line, conceived of by Worldslide. The complaint has been settled, Wham-O is a licensed business partner and Wham-O has been forgiven.

One term of the settlement which was agreed to by Wham-O was that Wham-O assigns all rights to U.S. Patent Application numbers 60/755, 830, 29/ 255,086 and 11/433, 925 and any Patents which issued from the applications and any related applications or Patents whether enforce or abandoned held by Wham-O, to Worldslide.

In 2000, Worldslide had met with and offered to partner with Wham-O and help Wham-O develop the above mentioned assigned application's product concepts contained within and many more Patent Pending water slide concepts at NYC Toy Fair 2000, while under Worldslide NDA and while having Worldslide Utility Patents Pending. Wham-O filed the above mentioned Patent Applications in 2006 which contain product concepts conceived of by Worldslide in the 1990's and taught to Wham-O by Worldslide in 2000. These are well documented facts which lead to the settlement.

During Toy Fair 2000, Worldslide also met with members of Empire Industries, the maker of the Crocodile Mile Water Slide. Worldslide offered the same concepts offered to Wham-O to Empire under NDA and Patents Pending. Even a buyer for Wal-Mart

EXHIBIT A
7

PG 2

Stores, Inc. was present and became involved during a face to face discussion related to Worldslide's IP between Worldslide and Empire's decision making upper management.

In January, 2004 Worldslide met members of Aqua Leisure at the Super Show 04 in Orlando, Florida while Worldslide was displaying a large inflatable water slide and sliding vehicles conceived of by Worldslide and which was patented and had additional patents pending which were conceived of by Worldslide and while Worldslide was seeking a manufacturing business partner.

In February, 2004 Worldslide met with members of Aqua Leisure at the NYC Toy Fair 04. After Toy Fair, Worldslide met with members of Aqua Leisure at their headquarters in Avon, MA. Worldslide and Aqua Leisure met to discuss a license for Worldslide's granted Utility Patents and pending Utility Patent Applications which contain many concepts for inflatable water slides and water sliding vehicles such as for example, a skimboard for supporting a user while the skimboard slides on the water slides conceived of by Worldslide. Eileen Sefchick was a product designer for Aqua Leisure at the time and was very involved with the discussions and became privy to Worldslide's issued Patents, Pending Patents and many product concepts and designs conceived of by Worldslide. Worldslide offered the concepts within the Wham-O patent applications now assigned to Worldslide by Wham-O and many other product concepts to Aqua Leisure.

Shortly after the Worldslide and Aqua Leisure discussions, Eileen Sefchick left Aqua Leisure and went to work for Wham-O and Eileen Sefchick is listed as one of the inventors of the Patent Application's concepts which have recently been assigned to Worldslide by Wham-O as just one of the terms of the Worldslide vs. Wham-O settlement. Not Eileen Sefchick or any other person named as the inventor listed on the patent applications filed by Wham-O and now assigned to Worldslide by Wham-O are the inventors, I am.

Another term of the recent settlement is a retro-active license given to Wham-O by Worldslide, for Worldslide's U.S. Patent 7,309,302, retro-active from the U.S. 7,309,302 issuance on December 18, 2007 up to January 1, 2011. Within the license, Wham-O agrees to no longer make, use, market or sell any products which were alleged in the complaint covered by Worldslide's U.S. Patent 7,309,302 after January 1, 2011. Wham-O is no longer a Worldslide competitor, but is a licensed business associate who helped to established sales and revenues for Worldslide through Worldslide's U.S. Patent 7,309,302.

It is known to Worldslide that ex Aqua Leisure and ex Wham-O employee Eileen Sefchick has worked with Toy Quest developing and designing Banzai Slide products. It is also known to Worldslide that ex Wham-O employee Peter Sgromo has worked with Toy Quest on the Banzai Slide line.

EXHIBIT A
8

PG 3

I am writing to offer Toy Quest the exclusive license for Worldslide's entire IP portfolio which includes three very recently issued U.S. Utility Patents which are divisions of the U.S. 7,309,302 and contain many concepts for water slides and sliding vehicles which will increase the value of and market share for many of the past, present and future Toy Quest Banzai Slide products which have been sold, are being sold and will be sold in stores such as WAL-MART, TARGET, TOYS R US and through other sources for many years, if Worldslide's IP is licensed by Toy Quest.

In Short, is Toy Quest interested in receiving the exclusive license of Worldslide's entire IP Portfolio and becoming business associates? My legal counsel and I look forward to a face to face meeting with you and your legal counsel at the earliest possible convenience to discuss your offer.

Please, say hello to Leah for me.

God our Father blesses all his children without favoritism or exception and forgives all his children of their many sins when his children confess their sins to Him, through His Son Jesus Christ who has been given God our Father's power, love, mercy and authority to forgive God's children's many sins. God's love, peace and Holy Spirit are given to all, through Jesus. All glory to God our Father, in Jesus Christ's Holy Name. Amen.
Sincerely,
Forrest.

*Forrest B. Phillips*

Forrest B. Phillips,
President,
Worldslide, LLC
1370 Trancas Street #154
Napa, CA. 94558

EXHIBIT A
9

WILLIAM S. BERNHEIM SB 56555
BERNHEIM, GUTIERREZ & McCREADY
255 North Lincoln Street
Dixon, CA 95620
Ph.: (707) 678-4447
Fax: (707) 678-0744
e-mail: law@bernheimlaw.net

Attorneys for Plaintiff WORLDSLIDE, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WORLDSLIDE, LLC

    Plaintiffs,

v.

TOY QUEST and WAL-MART STORES, INC.

    Defendants.

CASE NO.

RE: 831: Patent

**COMPLAINT FOR PATENT INFRINGEMENT**

DAMAGES AND INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

[35 USC § 271, §§ 281-285]

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States 35 U.S.C. § 271, §§ 281-285. Jurisdiction is therefore proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391 (b) and (c) and § 1400. Defendants have on a continual basis committed the acts alleged below within the Eastern District of California, in business interactions purposefully elicited by defendants with or directed to residents of the District, including, inter alia, actively soliciting and causing infringing, using and sales within and from the District, promotion and media advertising within and from the District, and other acts which harms plaintiffs within the district.

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Patent Complaint      1

## THE PARTIES

3. Plaintiff WORLDSLIDE, LLC ("Worldslide") is a Delaware Limited Liability Company registered with the California Secretary of State and having its principal office in Napa, Napa County, California.

4. Defendant TOY QUEST ("Toy Quest") 2228 Barry Ave., Los Angeles CA 90064-1402 and is an organization of unknown type.

5. Defendant WAL-MART STORES, Inc. ("Wal Mart") is a Corporation based in Arkansas and doing business in the state of California which has multiple branch stores within the Eastern District stocking and selling the infringing products complained of herein and supplied to Wal Mart by Toy Quest the manufacturer and distributor of such infringing products.

6. Toy Quest agents sold to consumers at and with the permission of Toy Quest infringing products manufactured by Toy Quest at various stores within the Eastern District of California.

## CLAIM FOR RELIEF

(Infringement of U.S. Patent Number 7,309,302)

7. On December 18, 2007, United States Patent 7,309,302 ( the "'302 Patent"), entitled "Sliding Exercise Apparatus and Recreational Device" was duly and legally issued by the United States Patent and Trademark Office. Plaintiff is the assignee of the '302 Patent.

8. Defendants have been and are directly infringing, actively inducing others to infringe, and /or contributing to or inducing the infringement of the '302 Patent in this district and elsewhere.

9. Upon information and belief, Defendants will continue to infringe the '302 Patent unless and until it is enjoined by this Court.

10. Upon information and belief, Defendants' infringement of the '302 Patent is taking place with knowledge of the '302 Patent and is willful. By continuing to commit acts of infringement with full knowledge of the '302 patent, Defendants have failed to meet the required standard of care to avoid a finding of willful infringement.

11. Defendants have caused and will continue to cause Defendants irreparable injury and damage by infringing the '302 Patent. Defendants will suffer further injury, for which

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Patent Complaint                              2

1  Defendants have no adequate remedy at law, unless and until Defendants are enjoined from
2  infringing the '302 Patent.
3      12.  Toy Quest has sold or is selling or deriving revenue from sales or has in inventory the
4  following infringing products, known at least at one time by the following names: Six Flags
5  Banzai Falls Water Slide, Banzai Falls Mega Racer Water Slide, Banzai Falls 2-in-1 Water Slide,
6  Banzai Falls Wave Rider Water Slide, Banzai Double Cannon Blast Water Slide, Banzai Double
7  Drop Falls Water Slide, Banzai Falls Splash Blast Lagoon, Banzai Aqua Blast Lagoon Inflatable
8  Water Slide, Banzai Typhoon Twist Inflatable Water Slide, Banzai Sidewinder Blast Water
9  Slide, Banzai Gushing Geyser Water Park, Banzai Drop Zone Water Slide, Banzai Blackout
10 Blast Water Slide, Banzai Hydro Blast Inflatable Water Park, Banzai The Plunge. To the extent
11 that these products may have been sold to consumers or manufactured prior to December 18,
12 2007, such activities would not have infringed. Such activities prior to December 18, 2007 do
13 not shield activities after December 18, 2007. Toy Quest did not recall the products on
14 December 18, 2007 or thereafter from wholesalers, distributors, retailers or affiliates.
15
16     13.  Wal Mart in failing to reasonably remove the infringing products from the market place
17 or stop infringing use after December 18, 2007 became a contributory infringer by encouraging
18 infringing sale and use of the products.

### PRAYER FOR RELIEF

20 WHEREFORE, Plaintiff prays for judgment as hereafter set forth:
21   A.  For judgment that Defendants have infringed the '302;
22   B.  Order that the Defendants and its officers, agents, servants, employees, attorneys,
23 and all persons in active concert or participation with any of them cease from infringing the '302
24 Patent;
25   C.  Award Plaintiff damages in amounts sufficient to compensate them for Defendants'
26 infringement of the '302 Patent, together with prejudgment and post judgment interest and costs,
27 pursuant to 35 U.S.C. §284;

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Patent Complaint     3

EXHIBIT A
12

D. Treble the damages awarded to Plaintiff against Defendants, by reason of Defendant's willful infringement of the '302 Patent;

E. Declare this case to be "exceptional" under 35 U.S.C. §285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

F. Award Plaintiff preliminary and permanent injunctive relief, enjoining Defendants, and each of them, from directly or indirectly infringing the '302 Patent; and

G. Award Plaintiff such other and further relief as the court may deem just and proper.

BERNHEIM, GUTIERREZ & McCREADY

Date:_____    _____
                                William S. Bernheim
                                Attorney for Plaintiffs

## JURY TRIAL DEMAND

Pursuant to Fed Rule Civ. P. 38(b), 5(d) and Eastern district of California Local Rule 38-201, Plaintiff demands a jury trial of all issues triable by jury.

BERNHEIM, GUTIERREZ & McCREADY

Date:_____    _____
                                William S. Bernheim
                                Attorney for Plaintiff

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Patent Complaint                    4

EXHIBIT A
13

**EXHIBIT B**

# BERNHEIM, GUTIERREZ & MCCREADY

ATTORNEYS AT LAW

| | | |
|---|---|---|
| WILLIAM S. BERNHEIM | | (707) 678-4447 |
| CARLOS R. GUTIERREZ | 255 NORTH LINCOLN STREET | FAX (707) 678-0744 |
| DORIS McCREADY | DIXON CALIFORNIA 95620 | law@bernheimlaw.net |

July 5, 2011     Via email David Shukan [dshukan@vallemakoff.com]   voice 310.476.0300

David S. Shukan
Valle Makoff
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049

Re: Worldslide, LLC vs. Toyquest and Walmart
    Worldslide's Patent 7,309,302

Dear Mr. Shukan:

This is a response to your letter July 5, 2011. I was surprised that the United States Patent Office did not have an attorney listing for you or Walmart's attorney Laura Chapman. The only issue appears one of patentability which is an issue for the Patent Office. I have been a licensed Patent Attorney since 1974. I am aware of the prior art which the USPTO considered and evaluated the validity. You might wish to focus your attention on claim 1 of the '302 patent which contains the words "a low-friction top surface". Water slides have been around since the 1960s. The patent's unobviousness was based on the inflatable slide being usable either wet or dry.

The Intex copyright material shows a water slide. The material does not suggest a low-friction top surface, but rather the opposite. Your efforts with respect to USP 6,558,264 have no relevance here. You should reconsider your stance and advice.

Your client will not be happy on losing an infringement suit. You have certainly set your client up as an intentional infringer eligible for a tripling of damages. I intend to file the lawsuit shortly but felt you would like to see my response first.

I assume Walmart will make its own independent evaluation of the validity of the patent and will be treated as an independent intentional infringer on that basis. An indemnity clause from a manufacturer is not a defense.

Sincerely,


William S. Bernheim

WSB:re

Cc: client
    Laura Chapman lchapman@foley.com, Walmart's counsel

worldslideltrshukan070511.doc

**EXHIBIT B**
**14**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

```
CV11- 5611 JFW (Ex)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [_] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AquaWood, LLC using trade name ToyQuest <br><br> PLAINTIFF(S) <br> v. <br> Worldslide, LLC and Forrest B. Phillips <br><br> DEFENDANT(S). | CASE NUMBER <br><br> LACV11-5611 JFW(Ex) <br><br> **SUMMONS** |

TO: DEFENDANT(S): <u>Worldslide, LLC and Forrest B. Phillips</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey B. Valle</u>, whose address is <u>11911 San Vicente Blvd., Suite 324, Los Angeles, CA 90049</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>JUL - 7 2011</u>      By: _____
                                      Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                       SUMMONS                       CCD-1A

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AquaWood, LLC using trade name ToyQuest

**DEFENDANTS**
Worldslide, LLC and Forrest B. Phillips

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey B. Valle
David S. Shukan
VALLE MAKOFF LLP
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049
(310) 476-0300

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 28 U.S.C. Sections 2201 and 2202, plaintiff AquaWood, LLC brings this declaratory relief action seeking a determination that the U.S. Patent No. 7,309,302 is invalid in whole or in part, and that the products accused by defendant Worldslide do not infringe any valid and enforceable claim of the Patent.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **LACV11-5611**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                            Page 1 of 2
                                                                                          CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Napa County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date July 7, 2011
Jeffrey B. Valle

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |