
Stephen M. Lobbin (SBN 181195)
sml@eclipsegrp.com
**THE ECLIPSE GROUP LLP**
1920 Main Street, Suite 150
Irvine, California 92614
Tel:  949.851.5000
Fax:  949.851.5051

Jeffrey B. Valle (SBN 110060)
jvalle@vallemakoff.com
David S. Shukan (SBN 143683)
dshukan@vallemakoff.com
**VALLE MAKOFF LLP**
11911 San Vicente Boulevard, Suite 324
Los Angeles, California 90049
Tel:  310.476.0300
Fax:  310.476.0333

Attorneys for Plaintiff **AquaWood, LLC,** using trade name **ToyQuest**

William S. Bernheim (SBN 56555)
law@bernheimlaw.net
**BERNHEIM, GUTIERREZ & McCREADY**
255 North Lincoln Street
Dixon, California  95620
Tel:  707.678.4447
Fax:  707.678.0744

Attorneys for Defendants **Worldslide, LLC** and **Forrest B. Phillips**

**JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AquaWood, LLC, using trade name ToyQuest,<br><br>  Plaintiff,<br><br>  v.<br><br>Worldslide, LLC and Forrest B. Phillips,<br><br>  Defendants. | Case No. CV11-5611 JFW (Ex)<br><br>Honorable John F. Walter<br><br>**JOINT FINAL JUDGMENT** |

-1-

Plaintiff's Motion for Summary Judgment of Invalidity and Non-Infringement of Defendants' U.S. Patent No. 7,309,302 ("the '302 patent"), Docket No. 75, came before the Honorable John F. Walter, District Judge Presiding.  The evidence presented having been fully considered and a decision having been fully rendered on October 31, 2012, in the Court's Order, Docket No. 104, the Court enters final judgment as follows.

IT IS ORDERED AND ADJUDGED that:

1. This Court has subject matter jurisdiction over this action and has personal jurisdiction over the parties.
2. The '302 patent is invalid for indefiniteness under 35 U.S.C. § 112.
3. The '302 patent has a prior art "critical date" of March 27, 2000.
4. The '302 patent is invalid for anticipation under 35 U.S.C. § 102(b).
5. The '302 patent is invalid for obviousness under 35 U.S.C. § 103(a).
6. Plaintiff has not engaged in any acts of potential direct infringement of the '302 patent under 35 U.S.C. § 271(a).
7. Plaintiff has not engaged in any acts of potential indirect infringement of the '302 patent under 35 U.S.C. § 271(b)-(c).
8. The accused infringing products do not infringe the '302 patent because they are water slides, they have been consistently called water slides, and they are intended for use only as water slides.
9. Plaintiff is entitled to costs as the prevailing party.
10. This Court retains jurisdiction over this action for purposes of any further post-judgment proceedings, including but not limited to any motion for attorneys' fees under 35 U.S.C. § 285.

Dated: November 8, 2012

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE